UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| WILLIAM GUS THORNTON, *Plaintiff*, | § § § § § § § § | CIVIL ACTION NO. 5:21-cv-00117<br>JURY TRIAL DEMANDED |
| v. | | |
| SHORTY CRAIG BARRETT, *Defendant*. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff William Gus Thornton brings this suit against Defendant Shorty Craig Barrett and show as follows:

### PARTIES

1. Plaintiff is an individual residing in Bowie County, Texas.

2. Defendant is an individual residing in Texarkana, Arkansas. Defendant can be served at residence which is 1304 Country Club Lane, Texarkana, Arkansas 71854 or wherever else he may be found.

### JURISDICTION

3. The jurisdiction of this Court is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

4. This is a civil action in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Plaintiff is a citizen of the State of Texas.

6. Defendant is a citizen of the State of Arkansas.

## VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims in this lawsuit occurred in this District. Specifically, the assault described in this petition occurred in Texarkana, Texas.

## FACTUAL ALLEGATIONS

8. Plaintiff is the partial owner of Young & Thornton Insurance and Financial Services LLC, a local insurance agency in Texarkana. The office in which he and his staff work is located at 4122 Texas Boulevard, Texarkana, Texas 75203. The assault described herein occurred at this office in the State of Texas.  Thus, the cause of action arises out of a tort committed in the State of Texas.

9. On December 7, 2020, Defendant entered Plaintiff's office as he sat working at his desk and, without warning, punched Plaintiff in the head, knocking him into his desk.

10. Before Plaintiff could recover from the sudden, unexpected blow to the head, Defendant continued to punch him in the head as Plaintiff tried to defend himself. Defendant knocked Plaintiff over backwards in his chair, where he landed on the floor and could not move or defend himself, and Defendant proceeded to beat Plaintiff with his fists in front of Plaintiff's horrified staff members. He then proceeded to repeatedly kick Plaintiff in the head.  Staff members yelled for Defendant to stop and called the police. Despite these actions, Defendant continued to punch and kick Plaintiff in the head until he was non-responsive.

11. Defendant intended for his actions to cause Gus bodily injuries and harm, and as explained below, Defendant's actions did in fact cause Gus bodily injuries and harm.

12. The following employees of Young & Thornton Insurance and Financial Services LLC witnessed the incident:

    (a) Michelle Lee – Agent

    (b) Tammy Robinson - Agent

    (c) Tima Brown – Agent

    (d) Amy Steed – Agent

    (e) Mike Young – Partner

13. Upon information and belief, Defendant has engaged in similar violent behavior toward others in the past.

14. The conduct described herein constitutes the tort of assault by infliction of bodily injury. The tort was committed in Texas requiring the application of Texas substantive law. The elements of civil assault are that a person intentionally, knowingly, or recklessly causes bodily injury to another through physical contact. TEX. PENAL CODE § 22.01; *Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012). Here, Defendant knowingly struck Plaintiff with his hands and feet to cause serious bodily injury to Plaintiff.

15. As a direct and proximate result of Defendant's conduct as alleged in this Complaint, Plaintiff sustained serious bodily injuries, including:

    (a) head injuries, including a subdural hematoma, epidural hematoma, orbital fracture, other facial fractures, laceration, contusion of scalp, and abrasions;

    (b) right ear trauma/hematoma;

    (c) displaced fracture of the nasal bone and fracture at the top of the nasal spine;

    (d)    chest wall pain;

    (e)    right arm trauma;

    (f)    right elbow fracture;

    (g)    left shoulder trauma;

    (h)    left wrist trauma; and

    (i)    a soft-tissue injury and small metallic object lodged inside his ring finger.

16. The bodily injuries that resulted from Defendant's assault/battery of Plaintiff required medical care and attention from the following healthcare providers:

    (a)    LifeNet Inc. (emergency ambulance services);

    (b)    Texarkana Christus St. Michael Hospital (emergency room services);

    (c)    Collom & Carney Clinic (radiological and other medical services);

    (d)    Mickey Power, LPC (counseling);

    (e)    Family Medical Group of Texarkana (medical diagnosis and treatment); and

    (f)    Radiology Consultants, LLP (radiological and other medical services).

17. It is likely that Plaintiff will continue to require medical care and attention in the future.

## DAMAGES

18. As a direct and proximate result of defendant's conduct, Plaintiff has suffered

    a. Reasonable and necessary medical care in the past and future;

    b. Physical pain and suffering in the past and future;

    c. Physical impairment in the past and future; and

    d. Mental anguish in the past and future.

19. In doing all the acts alleged in this Complaint, Defendant acted with a specific intent to cause substantial injury and harm to the Plaintiff. Plaintiff is therefore entitled to exemplary damages. In assaulting Plaintiff, Defendant acted with malice and/or gross negligence. TEX. CIV. PRAC. & REM. CODE § 41.003. Plaintiff pleads for exemplary damages without limitation pursuant to TEX. CIV. PRAC. & REM. CODE § 41.003 (c)(4).

## JURY DEMAND

20. Plaintiff respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendant be summoned to appear and answer, and that on final trial, the Court enter judgment for Plaintiff against Defendant for:

(a) a sum within the jurisdictional limits of this Court for the damages described above;

(b) exemplary damages against Defendant in a sum determined by the trier of fact;

(c) prejudgment interest as provided by law;

(d) postjudgment interest as provided by law;

(e) costs of suit; and

(f) any and all other relief to which Plaintiff may be justly entitled.

Date E-Filed: October 1, 2021

        Respectfully submitted,

        /s/ *Nicholas J. Wagoner*

        Wade Barrow
        *Attorney-in-Charge*
        State Bar No. 24031844
        wade@barrow-law.com
        BARROW LAW, PLLC
        1214 Fairmount Avenue
        Fort Worth, TX 76104
        Telephone: 817-617-7797
        Facsimile: 817-900-3408

        Nicholas J. Wagoner
        *Of Counsel*
        Texas State Bar No. 24079530
        Federal I.D. No. 1339971
        nick@wagonerlawfirm.legal
        WAGONER LAW FIRM
        8330 Lyndon B. Johnson Fwy., Ste. 465
        Dallas, TX 77092
        Telephone: 469-810-0473
        Facsimile: 469-716-4184

        *ATTORNEYS FOR PLAINTIFF*