**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **WILLIAM GUS THORNTON** | § | |
| **Plaintiff, Counter-Defendant** | § | |
| **VS** | § | **CIVIL ACTION NO. 5:21-cv-00117** |
| | § | |
| **SHORTY CRAIG BARRETT** | § | **JURY DEMANDED** |
| **Defendant/Counter-Plaintiff** | § | |
| **VS** | § | |
| | § | |
| **JULIE THORNTON,** | § | |
| **Counter -Defendant** | § | |

# DEFENDANT'S FIRST AMENDED ANSWER AND COUNTERCLAIM

Now comes **SHORTY CRAIG BARRETT**, **"DEFENDANT" OR "COUNTER-PLAINTIFF"**, by and through his counsel, David J. Potter, and for his **FIRST AMENDED ANSWER AND COUNTERCLAIM** against **WILLIAM GUS THORNTON AND JULIE THORNTON, COUNTER-DEFENDANTS**, would respectfully show the court as follows, to wit:

## I. General Denial

1. Defendant denies, each and every, all and singular, the material allegations set forth in the Defendant's Complaint, except as hereinafter specifically admitted and demand strict proof thereof according to law.

## II. Parties, Jurisdiction and Venue

2. Defendant admits the allegations set forth in numbered paragraphs 1. and 2. of

Plaintiff's Complaint. Defendant stipulates that the parties are correctly identified and that this honorable court has jurisdiction and venue over the parties and subject matter of this case as set forth in paragraphs 3 through 7 of Plaintiff's Complaint.

## III. <u>Factual Allegations of Plaintiff's Complaint</u>

3. Defendant generally admits the gravamen of the factual allegations set forth with regard to the physical altercation mentioned in the Plaintiff's Complaint. However, Defendant does not have personal knowledge of such things as the Plaintiff's ownership in an insurance agency, witnesses and the substance of their witness testimony, physical injuries and other such matters. Therefore, having no knowledge verifying the allegations, said allegations are denied.

4. In addition, the Plaintiff's witness list is irrelevant to the pleading, and, further, is beyond the knowledge of the Defendant, and therefore is denied.

5. Defendant specifically denies that the Texas Penal Code is relevant to this case, or that the "Texas substantive law" stated in the Penal Code is applicable. Although the a portion of the definition of "Assault" in the Texas Penal Code mirrors the common law of Battery, specifically, that the Defendant "intentionally, knowingly, or recklessly causes bodily injury to another" namely the Defendant, this case is controlled by the common law pertaining to the civil, common law cause of action of Battery.

6. Defendant is without sufficient knowledge of the allegations set forth in paragraphs 15 and 16 of Plaintiff's Complaint, and therefore denies same.

7. Defendant is without any knowledge of the allegation in set forth in Paragraph 17 of the Plaintiff's Complaint alleging "likely" need for medical care and attention in the future, and therefore, denies said allegation.

## IV. Damages

8. Defendant is without any knowledge of the allegations set forth in paragraphs 18 and 19 pertaining to Damages. Therefore, Defendant denies all said allegations.

## V. Mitigation of Damages and Set-0ff

9. Defendant is entitled to mitigation of damages claimed by Counter-defendant William Gus Thornton as a result of the malicious, reckless, and/or grossly negligent dissemination of patently false statements about the sexual conduct of the Defendant with regard to another entirely innocent, married, now deceased, female who had died shortly before the physical altercation between the Defendant and the defaming Plaintiff. Further factual allegations will be set forth hereinafter in the Counterclaim of the Defendant.

10. Further, the Defendant has entered a guilty plea to a misdemeanor charge of Assault, and as part of that plea, in which he was given an non-adjudication probation, Defendant paid to the Plaintiff, in full, restitution for medical expenses

incurred by the Plaintiff. In failing to mention that repayment of medical expenses, the Plaintiff is seeking double recovery of the same measure of damages. Defendant is entitled to an set-off for all moneys paid for restitution to the Plaintiff.

## VI. COUNTER-COMPLAINT COMPLAINT FOR DEFAMATION

Now comes the Defendant, in his capacity as Counter-Plaintiff, and for his Counter-Complaint against the Plaintiff in his capacity as Counter-Defendant, and Julie Thornton, hereinafter identified as a "Counter Defendant," would respectfully show the court the following, to wit:

### Jurisdiction and Venue

11. This court has jurisdiction and venue over the parties and subject matter of this suit, including the compulsory counterclaims against the Counter-Defendants William Gus Thornton and his wife, Julie Thornton, as more fully set forth hereinafter.

12. The jurisdiction is further based upon the diversity of citizenship pursuant to 28 U.S.C. §1332(a).

13. The amount in controversy of the defamation claims for Slander exceeds $75,000, exclusive of interest and costs.

14. Counter-Plaintiff and Third Party Plaintiff, Shorty Craig Barrett, is a resident of the State of Arkansas.

15. The Counter-Defendant and Third Party Defendant are husband and wife,

residing in the State of Texas.

16. Venue is additionally proper in this district under 28 U.S.C. §1391(b) because a substantial part of the slander giving rise to the Counterclaims occurred in the Eastern District of Texas.

## Factual Allegations

12. Counter-Plaintiff is a married individual residing in and a citizen of Texarkana, Miller County, Arkansas. Counter-Plaintiff is a licensed and actively practicing attorney at law, both in the States of Arkansas and Texas.

13. Counter-Defendant is a married individual residing in and a citizen of Texarkana, Bowie County, Texas. The Counter-Defendant, Julie Thornton, is the wife of Counter-Defendant William Gus Thornton, and is a resident of Texarkana, Bowie County, Texas. Counter-Defendant is an insurance agent and business partner of Mike Young, an insurance agent and former husband of Kristian Robertson with whom one child was born.

14. Prior to her death, Kristian Robertson was also a licensed and practicing attorney at law in the States of Arkansas and Texas. The Counter-Plaintiff and his partner, Joe Tyler, hired Kristian Robertson to perform trial services including the cross-examination of a female child in a criminal defense of a client. However, after Counter-Plaintiff paid a fee, in advance of services rendered, of $5,000 for those

services, Kristian died in August, 2020. As a result, Kristian did not perform any of the legal services for the client for which she had been retained. Counter-Plaintiff requested a return of an uncashed check from the Estate of Kristian Robertson, being administered by Virginia Ann Prazak. Virginia Ann Prazak resisted the return of the check, prompting the Counter-Plaintiff to issue a "stop-payment order" to his bank to prevent the cashing of the check.

15. The Counter-Plaintiff's wife, Stephanie Barrett, was the duly elected and serving Prosecuting Attorney prior to January 1, 2021 for the District in which Miller County is a part. During her tenure as Prosecuting Attorney, Kristian Robertson was employed as a Deputy Prosecuting Attorney in the office of Stephanie Potter Barrett. Stephanie Barrett gave a eulogy at the funeral of Kristian Robertson. After the funeral of Kristian Robertson, Julie Thornton, Counter-Defendant and wife of the Counter-Defendant William Gus Thornton, approached Stephanie Barrett and complemented her on the eulogy given for Kristian Robertson, but in doing so used the phrase "under the circumstances." Stephanie Barrett had never before met Julie Thornton and found it strange that the complement was couched under the term "under the circumstances." Stephanie Barrett made inquiries as to the name of the person and learned that her identity was Julie Thornton.

**Cause of Action: Slander**

16. The Counter-Defendants defamed the Counter-Plaintiff's good name and reputation, and caused the Counter-Plaintiff mental and emotional pain and suffering for which he is entitled to damages. Without any factual truth or basis for making the slanderous statements, the Counter-Defendants stated to members of the Texarkana community that the Counter-Defendant was having an affair with Kristian Robertson prior to her death. Said statements were entirely false. The false and malicious statements were published by the Counter-Defendants in a joint effort, working together repeating their falsehoods in a Heckle and Jeckle fashion–what one says the other repeats.

17. The slanderous statements made to other members of the public in Texarkana were knowingly, verbally published and disseminated by the Counter-Defendants and with a reckless disregard of the likely consequences, including embarrassment, injury and damage such slanderous statements would cause the Defendant, his wife, family and their standing in the community. As a result, malice should be inferred. Such venomous, vile and hurtful false statements were in fact carried from person to person in a manner that makes it impossible to identify who has been informed of the lie and what variations such fabrications numerous unknown people have been given. There is, in fact, no adequate defense or remedy in law or equity that can adequately

address, much less erase, the falsehoods disseminated by the Counter-Defendant and Cross-Defendant, and to fully restore the good name and reputations of those besmirched, including the Counter-Plaintiff, the deceased Kristian Robertson, and other family members and loved ones of each.

18. The slanderous statements complained of by Counter-Plaintiff against Counter-Defendants were published within 1 year of the filing of this counter-claim, and were unknown to the Counter-Plaintiff until it was made known to him within days or weeks before the physical altercation complained of by the Plaintiff, William Gus Thornton, clearly within 1 year of this suit.

**Damages**

19. A. Counter-Plaintiff should be awarded damages within jurisdictional limits of this court against both Counter-Defendants, jointly and severally;

B. Counter-Plaintiff should be awarded exemplary damages against both Counter-Defendants, jointly and severally.

WHEREFORE, PREMISES CONSIDERED, Plaintiff should take nothing by his complaint, with set-off being applied to the out of pocket medical expenses; and Counter-Plaintiff should be awarded damages for defamation for the wholly false statements impugning the character of the Counter-Plaintiff, which was made alleging

as true that Counter-Plaintiff and Kristian Robertson were having a romantic affair prior to her death; and, in addition, Counter-Plaintiff should be awarded exemplary damages for the intentional false statements or statements made with a reckless disregard for the public humiliation, mental and emotional damages caused to the Counter-Plaintiff and others victimized by said slanderous statements; for costs herein expended, prejudgment interest and post-judgment interest, and all other relief to which the Counter-Plaintiff may show himself to be entitled.

Respectfully submitted,

**David J. Potter and Associates**
**901 N. State Line Avenue**
**Texarkana, TX 75501**
**Telephone: (903) 794-2283**
**Facsimile: (903) 792-6553**
**Email: dpotter@potter-law.com**

David J. Potter, Lead Counsel
Texas Bar Number: 16175000

## Certificate of Service

I hereby certify that I have on this 10th day of December, 2021 served a true copy of the above and foregoing pleading upon Wade Barrow and Nicholas J. Wagoner, attorneys for the Plaintiff and all other persons registered with the court's Electronic Filing System to receive electronic copies of filings in this case.

David J. Potter